UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>MILAGROS GONZÁLEZ DÍAZ, as joint debtor and as known member of the Estate of FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ; FÉLIX LUIS MELÉNDEZ RIVERA, ROSA IVETTE MELÉNDEZ RIVERA, MARTA MAGALI MELÉNDEZ RIVERA, EDUARDO MELÉNDEZ RIVERA, ALEXANDER MELÉNDEZ RIVERA, ALBERT MELÉNDEZ GONZÁLEZ, IDA MERCEDES MELÉNDEZ GONZÁLEZ, GUILLERMO JOSÉ MELÉNDEZ GONZÁLEZ, MILAGROS MARÍA MELÉNDEZ GONZÁLEZ as known members of the Estate above-mentioned; JOHN DOE and RICHARD ROE as unknown members of the Estate above-mentioned<br><br>Defendants | CIVIL NO.<br><br>Foreclosure of Mortgage |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting as the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2. Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of two (2) promissory notes that affect the property described further below.

3. The first promissory note is for the amount of **$12,000.00**, with 5.00% annual interest, subscribed on October 20, 1982 by FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ. *See Exhibits 1 and 1-A.*

4. For the purpose of securing the payment of said promissory note, FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ executed a voluntary mortgage on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 272 subscribed before Notary Public José M. Saliceti. This mortgage is duly recorded at page 183 of volume 702 of Ponce, property number 5,483, 12th inscription, Property Registry of Ponce, Section II. *See Exhibits 2, 2-A and 3.*

5. The second promissory note is for the amount of **$2,000.00**,

with 5.00% annual interest, subscribed on March 25, 1986 by FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ and codefendant MILAGROS GONZÁLEZ DÍAZ. *See Exhibits 4 and 4-A.*

6. For the purpose of securing the payment of said promissory note, FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ and codefendant MILAGROS GONZÁLEZ DÍAZ executed a voluntary mortgage on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 46 subscribed before Notary Public José M. Saliceti. This mortgage is duly recorded at the corresponding Property Registry.  This mortgage is duly recorded at page 184 of volume 702 of Ponce, property number 5,483, 12th inscription, Property Registry of Ponce, Section II. *See Exhibits 3, 5 and 5-A.*

7. According to the Property Registry, FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ appears as owner of record of the real estate property subject of this case. Said property is described - as it was recorded in Spanish- as follows:

> RÚSTICA: Predio de terreno o Granja Agrícola, marcada con el número cien del plano de División de Hogares titulado Proyecto de Granjas Agrícolas para arrendar a trabajadores agrícolas con derecho a propiedad, radicada en el Barrio Anón del término municipal de Ponce, con cabida de catorce cuerdas con setecientas milésimas de cuerda, equivalentes a cinco hectáreas ochenta y una áreas y treinta centiáreas, colindando por el NORTE, con las parcelas ciento cuatro y ciento cinco y un camino; por el SUR, con la parcela número noventa; por el ESTE, con las número noventa y nueve y noventa y una; por el OESTE, con las número noventa y ciento tres y un camino. Contiene una casa de maderas techada de zinc para vivienda.
>
> PROPERTY NUMBER: 5,483 (before 15,667), recorded at page 221 of volume 484 of Ponce, Registry of the Property of Ponce, Puerto Rico, section II.
>
> *See Title Search attached as Exhibit 3.*

8. From information and belief, FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ passed away.

9. From information and belief, the known members of the Estate of FÉLIX MELÉNDEZ RIVAS a/k/a FÉLIX CARMELO MELÉNDEZ RIVAS a/k/a FÉLIX CARMEN MELÉNDEZ RIVAS a/k/a FÉLIX C. MELÉNDEZ RIVAS a/k/a FÉLIX MELÉNDEZ are the following individuals:

    (a) MILAGROS GONZÁLEZ DÍAZ (as widow and co-signer);

    (b) FÉLIX LUIS MELÉNDEZ RIVERA (son)

    (c) ROSA IVETTE MELÉNDEZ RIVERA (daughter)

    (d) MARTA MAGALI MELÉNDEZ RIVERA (daughter)

    (e) EDUARDO MELÉNDEZ RIVERA (son)

    (f)   ALEXANDER MELÉNDEZ RIVERA (son)

    (g)   ALBERT MELÉNDEZ GONZÁLEZ (son)

    (h)   IDA MERCEDES MELÉNDEZ GONZÁLEZ (daughter)

    (i)   GUILLERMO JOSÉ MELÉNDEZ GONZÁLEZ (son)

    (j)   MILAGROS MARÍA MELÉNDEZ GONZÁLEZ (daughter)

10. Codefendants are jointly and severally responsible for all amounts owed to plaintiff, arising from the loan obligations subscribed.

11. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate above mentioned.

12. According to *P.R. Laws Ann.*, Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong.

13. It was expressly stipulated in the note evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said note, to declare due and payable the total amount of the indebtedness evidenced by said note and proceed with the execution and/or foreclosure of the mortgage.

14. The defendants herein have failed to comply with terms of the mortgage contract by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, defendants owe to the

plaintiff, according to the Certification of Indebtedness included herein as *Exhibit 6*, the following amounts:

   a) On the $12,000.00 Note:

      1) The sum of $12,000.00, of principal;

      2) The sum of $17,914.25 of interest accrued as of September 10, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $1.6438;

      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

   b) On the $2,000.00 Note:

      1) The sum of $1,604.46, of principal;

      2) The sum of $2,376.58 of interest accrued as of September 10, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $0.2198;

      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

15. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the property described in this

complaint.

16. Codefendant MILAGROS GONZÁLEZ DÍAZ is not presently active in the military service for the United States. A *Status Report Pursuant to Servicemembers Civil Relief Act*, regarding the remaining codefendants, is not attached to this complaint since we were unable to obtain their social security numbers or their dates of birth. *See Exhibit 7*.

## VERIFICATION

I, JACQUELINE LAZÚ LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as Acting Director of the Loan Resolution Task Force of the United States Department of Agriculture, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the

property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 21 (twenty-first) day of October, 2020.

JACQUELINE LAZÚ LABOY

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a) That defendant's party pays unto the United States the amounts claimed on this complaint;

b) Or in default thereof that all legal right, title and

interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c) That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d) That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

e) That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f) That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g) For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this 21 day of October, 2020.

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL.  787-751-5290
FAX. 787-751-6155
EMAIL: dcfilings@fortuno-law.com

1521.255